**EXHIBIT 1**

**EXHIBIT 1**

COMP
David North
2190 East Mesquite Ave
Pahrump, Nevada 89060
Plaintiff, in Proper Person

FILED
FIFTH JUDICIAL DISTRICT

AUG - 6 2021

Nye County Clerk
Deputy

## IN THE FIFTH JUDICIAL DISTRICT OF TH STATE OF NEVADA
## IN AND FOR NYE COUNTY

| | |
|---|---|
| DAVID NORTH<br>          **Plaintiff,**<br>vs.<br><br>WARDEN BRIAN KOHEN,<br>ASSISTANT WARDEN PAMELA LAURER,<br>CHEIF OF SECURITY HENZEL,<br>CLASSIFICATION SUPERVISOR SWEINIE,<br>OFFICER RENTERIA, SHAWN KUTZ,<br>CORE CIVIC, AND DOES I through X, inclusive<br>and ROE ROE BUSINESS ENTITIES I through X,<br>inclusive<br>          **Defendant(s).** | CASE NO: CV 21-0416<br>DEPT: 2<br>**AMENDED 42 U.S.C.S. § 1983 CIVIL**<br>**RIGHTS &TORTS COMPLAINT** |

### COMPLAINT

Plaintiff, DAVID NORTH, in proper person pursuant to complains against defendants, WARDEN BRIAN KOHEN, ASSISTANT WARDEN PAMELA LAURER, CHEIF OF SECURITY HENZEL, CLASSIFICATION SUPERVISOR SWEINIE, OFFICER RENTERIA, SHAWN KUTZ, CORE CIVIC, AND DOES I through X, inclusive and ROE ROE BUSINESS ENTITIES I through X, inclusive for the injuries as follows:

1

## I. PARTIES

1.      Plaintiff, DAVID NORTH, (hereinafter "plaintiff) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

2.      Defendant, WARDEN BRIAN KOHEN (herein Defendant Kohen) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

3.      Defendant, ASSISTANT WARDEN PAMELA LAURER (herein Defendant Laurer) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

4.      Defendant, CHEIF OF SECURITY HENZEL,(herein Defendant Henze is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

5.      Defendant, CLASSIFICATION SUPERVISOR SWEINIE (herein Defendant Sweinie) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

6.       Defendant, OFFICER RENTERIA (herein Defendant Renteria) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

7.      Defendant, SHAWN KUTZ (herein Defendant Kutz) is an individual who is currently and was at all relevant times herein, a resident of the State of Nevada, County of Nye, City of Pahrump.

8.      Defendant, CORE CIVIC (herein Defendant Core Civic) is a corporation organized and existing by virtue of the laws of the State of Nevada, and maybe served with process by service upon its registered agent, Michael Desch and/or Damon T. Hininger Chief Executive Officer (CEO),Nevada Southern Detention Center (NSDC) at 2190 East Mesquite Ave. Pahrump, Nevada 89060.

9.      All of the acts and/or failures to act alleged herein were duly performed by and/or are

2

attributable to defendants, individually and officially or acting by and through their agents and employees. Said acts and/or failures to act were within scope of any agency or employment or were ratified by defendants.

10.     The names and capacities, whether individual, corporate, associate or otherwise, of defendants and/or their alter egos sued herein as DOES I through X, ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff will amend this complaint to insert the name(s) when ascertained.

11.     Jurisdiction is invoked pursuant to 28 U.S.C.S. § 1983, 1343 (a)(3) and 42 U.S.C.S. § 1983. 28 U.S.C § 1331 and 28 U.S.C § 1332 (a)(c)(1) and Nevada Revised Statute 41.100

## II. FACTS

12.     Plaintiff is a pretrial detainee housed at Nevada Southern Detention Center in Care of Core Civic who has a contract with the United States Marshall Services.

13.     Defendants are employees of Core Civic located at 2190 East Mesquite Ave, Pahrump, Nevada 89060.

14.     On December 21, 2018 plaintiff was approached by three inmates in his cell and told that he had to leave the unit due to plaintiff being falsely accused of interfering with the payment of a $4,000 drug debt.

15.     Drugs and other contraband had been a ongoing problem at the facility by being brought in by officers.

16.     A plan was devised to retaliate against plaintiff by the other two inmates. Other inmates were briefed ahead of time and fed false allegations that plaintiff had stolen from the inmate that was to pay the debt. The false allegations were created so that no one would intervene on the plaintiffs behalf and help him. (It was also later discovered that the officer on shift at the time officer Rentieria was also made aware ahead of time that plaintiff was going to be made to leave the unit.)

17.     Plaintiff did not cooperate and refused to leave stating that he had done nothing wrong. The inmates flashed homemade knives and stated they were not playing.

3

18.     Plaintiff was attacked and begun fighting with Tremayne Reeves while the others tried to stab him.

19.     Plaintiff then pulled Reeves out of the cell so that he would not be trapped in the cell with the three inmates with knives, to better his odds and gain attention of others for assistance by fighting loudly.

20.     Plaintiff was getting the advantage in the assault and disarming Reeves, when one of the inmates out of the trio pushed plaintiff off Reeves causing plaintiff to fall to the ground. This then gave Reeves the opportunity to stab plaintiff six times (three times in the head, then once in the back, shoulder and knee), while the others involved walked away (See Exhibit A "Medical Records of Stabbing").

21.     Officer Renteria was the officer on shift at the time. Renteria immediately observed and was aware of the assault taking place. He then intentionally took his time and slowly strolled to the assault taking place, showing no desire to get involved. Defendant failed to protect and act reasonably in response to danger.

22.     Once Renteria arrived at the incident he still took no immediate action and failed to respond and to protect plaintiff in any way. He then encouraged the assault and stated "get it in while you can" and then after the delay called for officer assistance known as an ERT (Emergency Response Team), which should've been done immediately and prevented plaintiff from being stabbed. Renteria was deliberately indifferent by standing by and doing nothing until the end about the assault he witnessed.

23.     Plaintiff managed to disarm Reeves and then another inmate broke up the incident and separated the two by himself and passed the weapon off to another inmate, while Renteria did nothing but smirk.

24.     ERT (Emergency Response Team) then arrived and plaintiff was placed in cuffs when he was the victim, which was obvious to see and not allowed out of cuffs while he was in great pain and comfort from being stabbed all over while being medically examined.

4

25.    Plaintiff was not able to discover stab wound in his knee until later due to being handcuffed. A wound that did not heal correctly and still opens.

26.    After the incident when the inmates that remained in the unit were let out after a brief lock down the same day hours later, officer Renteria expressed and stated to inmates when asked why he did not help plaintiff and do more "that he did not give a fuck and was not going to help a thief" statements to support this exist. This shows that he knew ahead of time of what was to take place and supported him being stabbed for stealing which was falsely alleged to justify the attack, so that no one would sympathize with plaintiff to help him.

27.    Renteria also later admitted numerous of times that he intentionally did not help plaintiff and was spreading lies that he was a thief and stating that he was happy plaintiff got stabbed and he deserved it to other inmates, statements to support this exist also. Defendant allowed plaintiff to be in a dangerous situation and was aware of facts from which the inference could be drawn that a risk for substantial harm existed.

28.    Defendants (Kohen, Luarer, Henzel, Kutz and Core Civic) did not separate or take measures to protect plaintiff and other pretrial inmate from Tremayne Reeves a convicted prisoner with a known propensity of violence that was recent in the stabbing of an inmate in prison that he received an additional prison sentence for. Defendants failure to separate a practically violent inmate failed to protect plaintiff when they knew there was a substantial risk plaintiff and other detainees would be seriously harmed. Inaction and policy allowed this to take pace.

29.    Reeves was there at Nevada Southern Detention Center on transport back to maximum security prison after being convicted of stabbing an inmate, in which he received an additional 5 year sentence for. Defendants (Kohen, Luarer, Henzel, Kutz, Sweinie and Core Civic) allowed Reeves the opportunity to access weapons that were a known to be easily accessible and at the time there was a known widespread problem of weapons being made and possessed by inmates with materials of the facility that were missing and never recovered. Defendants were deliberately indifferent when by failing to control items that could be used as weapons that they knew were being used as weapons.



30.     Reeves was allowed access to weapons when they were aware of Reeves history of assaulting inmates. Defendants knew of Reeves violent nature due to having his inmate file that comes when a person is on transport to assist in classification. Therefore an inference could be drawn that a substantial risk of serious harm existed. Defendants failed to act and protect when they knew there was a substantial risk of serious harm, failing to respond reasonably failing to take corrective action in response to weapons being made and used. Defendants were deliberately indifferent when by failing to control items that could be used as weapons that they knew were being used as weapons and allowed a violent inmate to have access to these weapons.

31.     Defendants (Kohen, Luarer, Henzel, Kutz, and Core Civic) failed to attempt to locate weapons used to stab plaintiff, no effort was made to locate weapons used that was passed off and others that were confirmed and known to be in unit. The unit where the incident had taken place and were weapon was still located was let right back out after incident. No effort was also taken to locate the other inmates involved out of the 40 or so inmates housed in the unit. Defendant failed to respond reasonably, follow policy, and take corrective action.

32.     Defendants (Kohen, Luarer, Kutz, and Core Civic) failed to take corrective action when plaintiff brought to their attention through the grievance process the actions of officer Renteria and that plaintiff was housed with a violent convicted inmate with institutional violence. Both grievances were denied by Unit Manger Shawn Kutz and Assistant Warden Laurer on January 2, 2019, March 8, 2019, April 8, 2019 and April 18, 2019.  Defendants failed to take corrective action to remedy or address the matter.

33.     Defendants (Kohen, Luarer, Henzel, Kutz, and Core Civic) were grossly negligent in the managing of subordinates who caused the condition that led to incident. The cause of the stabbing derived from drugs, drugs that staff employed by Core Civic were bringing into the facility for inmates. Knowledge of the facts of staffs misconduct existed to all defendant but nothing was done. Officers actions of bringing in drugs and contraband has been the cause of threats, assaults, and even murder. Without officers bringing these things in, there would be no reason for these situations. Defendant failed to adequately train and/or supervise his or her subordinates and take corrective action to drugs being brought into facility.

6



34.     Further gross negligence was perpetuated by defendants (Kohen, Luarer, Henzel, Kutz, and Core Civic) in the managing and continuous employment of officer Renteria. Renteria had a history of allowing inmate fights, attacks and crooked practices. He was transferred from Idaho Correctional Center (a private prison of Core Civic known at the time as Corrections Corps of America), a facility that had a class action lawsuit brought against them that was settled.

35.     The class action was brought due to officers allowing inmates to fight, using other inmates to control other inmates, refusing to hold staff members accountable, prisoner-on-prisoner violence known as the Gladiator School, and etc. *See Kelly v. Wengler, Corr. Corp. of Am., Case No. 1:11-CV-185-SEJL 2015 (D. Idaho, July 12, 2013).* No officers were terminated from that facility for their actions in the class action suite that caused Core Civic formerly known as Corr. Corp. of America to settle or punished. But were given the option to transfer to other facilities in other states at the time when the contact between Core Civic and the Idaho Department of Corrections had ended. This is common practice of Core Civic.

36.     This continuous behavior of Rentria being allowed is a part of the cause of plaintiff being stabbed by the actions stated herein. Renteria has done this in the past in other situations of assaults on inmates and nothing has been done. Defendants knew of these facts and Renterias history by being his employer and supervisor. Yet defendants continued to employ Renteria and put plaintiff and other inmates in his care at risk. Defendants failed to adequately train and or supervise his or her subordinates. This behavior was brought to the attention of Core Civic in the past in the matter of assault of inmate Louis Matthews, where Renteria responded in the same way as he did in the assault on plaintiff allowing for it to take place. Core Civic failed then as they have now to correct Renterias behavior. This is a custom of Core Civic.

37.     Plaintiff became aware of these facts mid 2017 when first arrived at Nevada Southern Detention Center when officer Renteria was bragging on these events and his participation to plaintiff, where he and other officers would allow other inmates to fight. (See Exhibit B "Article of Class Action Suit".)

38.     Prior to the incident plaintiff had expressed numerous of times to be moved back to the unit he originated from (AA) that housed inmates not yet convicted from Las Vegas that had pending cases at

7

the time as he did, since (BA) was convicted prisoners on transport. These took place on November 18, 20, 22 , of 2018 and December 10, 2018 with Case Manger Knikious and Mc Collough. (See Exhibit C "Requests to be Moved".)

### III. CLAIMS FOR RELIEF

*1. Violated Plaintiffs Fifth Constitutional Amendment Right to Due Process Protected by the Constitution of the United States of America.*

39.     Under the Eighth Amendment, prison inmates have a right to be protected from attack or violence by other inmates. This is extended to pretrial detainees under the Fifth and Fourteenth Amendment.

### 2. Failure to Protect

40.     Defendants  failed to provide "reasonably safe" environment for defendant.

42.     Failed to protect plaintiff from planed assault that officer had knowledge of prior to taking place.

43.     Defendants knew of actual risk to plaintiff and failed protect.

44.     Defendant encourage attack by actions and words.

45.     Failed to properly classify inmates

46.     Failure to control material that could be used as weapons.

47.     Failure to take corrective action.

### 3. Assault

48.     Unlawfully attempting to use physical force against another person

8

49.     Intentionally placing another person in reasonable apprehension of immediate bodily harm

### 4. *Battery*

50.     Willful and unlawful use of force or violence upon the person of another

### 5. *Failure to Act*

51.     Failed to act on report through grievances and appeals and complaints to staff personally on plaintiffs assault. Defendants were made aware of the facts of the situation and still failed to act.

52.     Kohen, Laurer and Kutz failed to act on report through grievances and appeals. Defendants were made aware of the situation need and still failed to act.

### 6. *Gross Negligence*

53.     By allowing assault to take place with prior knowledge of the situation.

54.     Negligent in their training of staff and taking corrective action.

55.     Officer omitted to act in a situation where there was a duty to act resulting in plaintiffs assault. Officer willfully and intentionally with a conscious indifference to consequences so far as other persons may be affected

### 7. *Willful Misconduct*

56.     Defendant's willfully participated in the assault and failure to take corrective action of the assault.

### 8. *Malice*

57. Conduct was despicable and done in conscious disregard of plaintiffs rights, health and safety.

### 9. *Oppression*

58.     Plaintiff was subjected to cruel and unjust hardship with conscious disregards to plaintiffs rights, health and safety.

9

### 10. *Conscious Disregard*

59.   There was a knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences.

### 11. *Defamation*

60.   A false accusation of an offense or a malicious misrepresentation of someone's words or actions by Renteria falsely spreading lies that plaintiff was a thief.

61.   An abusive attack on a person's character or good name by Renteria on plaintiffs name by calling him a thief.

### 12. *Violated Plaintiffs Fourteenth Constitutional Amendment Right to Due Process Protected by the Constitution of the United States of America.*

62.   Under the Eighth Amendment, prison inmates have a right to be protected from attack or violence by other inmates. This is extended to pretrial detainees under the Fifth and Fourteenth Amendment.

### 13. *Failure to Protect*

63.    Defendants  failed to provide "reasonably safe" environment for defendant.

64.   Failed to protect plaintiff from planed assault that officer had knowledge of prior to taking place.

65.   Defendants knew of actual risk to plaintiff and failed protect.

67.   Defendant encourage attack by actions and words.

68.   Failed to properly classify inmates

69.   Failure to control material that could be used as weapons.

10

70.     Failure to take corrective action.

### 14. *Assault*

71.     Unlawfully attempting to use physical force against another person.

72.     Intentionally placing another person in reasonable apprehension of immediate bodily harm

### 15. *Battery*

73.     Willful and unlawful use of force or violence upon the person of another

### 16. *Failure to Act*

74.     Failed to act on report through grievances and appeals and complaints to staff personally on plaintiffs assault. Defendants were made aware of the facts of the situation and still failed to act.

75.     Kohen, Laurer and Kutz failed to act on report through grievances and appeals. Defendants were made aware of the situation need and still failed to act.

### 17. *Gross Negligence*

76.     By allowing assault to take place with prior knowledge of the situation.

77.     Negligent in their training of staff and taking corrective action.

78.     Officer omitted to act in a situation where there was a duty to act resulting in plaintiffs assault. Officer willfully and intentionally with a conscious indifference to consequences so far as other persons may be affected

### 18. *Willful Misconduct*

79.     Defendant's willfully participated in the assault and failure to take corrective action of the assault.

### 19. *Malice*

80.     Conduct was despicable and done in conscious disregard of plaintiffs rights, health and safety.

11

### 20. *Oppression*

81.    Plaintiff was subjected to cruel and unjust hardship with conscious disregards to plaintiffs rights, health and safety.

### 21. *Conscious Disregard*

82.    There was a knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences.

### 22. *Defamation*

83.    A false accusation of an offense or a malicious misrepresentation of someone's words or actions by Renteria falsely spreading lies that plaintiff was a thief.

84.    An abusive attack on a person's character or good name by Renteria on plaintiffs name by calling him a thief.

### 23. *Violated Plaintiffs Due Process Rights Protected by the Constitution of the State of Nevada Article 1 Section 8*

85.    Defendants violated plaintiffs inalienable rights of defending life and liberty and obtaining safety and happiness. Defendants did so by failing to act, failing to protect, defamation, accessory to battery and all charges and conduct stated herein.

### 24. *Violated Plaintiffs Inalienable Rights Protected by the Constitution of the State of Nevada Article 1 Section 1.*

86.    Defendants violated plaintiffs due process rights protected by the Constitution of the State of Nevada by depriving plaintiff of life, liberty or property without due process of law.

## VI. PRAYER FOR RELIEF

87.    I believe I am entitled to the following relief: $10,000,000

88.    Declaratory Damages. Nominal Damages. Compensatory and Punitive Damages or Exemplary Damages. Pay legal fees and cost occurred.

### _Declaratory Damages_

89.    Defendants admitting fault publicly and written apology to plaintiff

### _Nominal Damages_

90.    For invasion of plaintiffs rights

### _Compensatory Damages_

91.    Mental and emotional damage.

92.    Past and future pain and suffering

93.    Depression

94.    Pain Inflicted

### _Punitive Damages or Exemplary Damages_

95.    Failing to take corrective action

96.    To prevent further injury and promote respect for what is right.

97.    Negligence

98.    Defamation

99.    Callous Indifference

100.   Oppression derived from defendants conduct that subjected plaintiff to cruel and unjust hardship with conscious disregard of the rights of plaintiff.

101.   Defendants despicable conduct which engaged in a conscious disregard of the rights or safety of plaintiff was Malice.


I declare of penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


DATED this 3rd day of August , 2021

              David North
              2190 East Mesquite Ave
              Pahrump, Nevada 89060
              Plaintiff, in Proper Person

## MEMORANDUM OF POINTS AND AUTHORITIES

The complaint is being amended and the claims added of violation of plaintiffs Constitutional Rights of the State of Nevada, Article 1 Section 1 "Inalienable Rights" and Article 1 Section 8 "Due Process Rights".

I declare of penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

DATED this 3rd day of August , 2021.

David North
2190 East Mesquite Ave
Pahrump, Nevada 89060
Plaintiff, Proper Person

14