UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David North, | Case No.: 2:21-cv-02240-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening Amended Complaint, Remanding Case Back to State Court, and Denying Pending Motions as Moot** |
| CoreCivic, Inc., et al., | |
| Defendants | **[ECF Nos. 4, 5, 6, 11]** |

On December 23, 2021, the defendants removed this case from the Fifth Judicial District Court of the State of Nevada to the Federal District Court for the District of Nevada under 28 U.S.C. § 1441(b).[1] The defendants argue that removal is proper because plaintiff David North brings claims under the Fifth and Fourteenth Amendments,[2] the court has supplemental jurisdiction over North's state-law claims, and the court has diversity jurisdiction under 28 U.S.C. § 1332(a). Because I find that North does not state colorable claims under the Fifth or Fourteenth Amendments, and that I do not have jurisdiction over North's state-law claims, I dismiss North's Fifth and Fourteenth Amendment claims, close this case, remand North's state-law claims back to state court, and deny North's pending motions as moot.

---

[1] ECF No. 1.
[2] *Id.* at 2.

# Background

### A. Plaintiff's factual allegations[3]

In December 2018, North was a detainee at Nevada Southern Detention Center (NSDC).[4] NSDC is run by CoreCivic, which has a contract with the United States Marshals Services. The defendants are employees of CoreCivic. After North was falsely accused of interfering with a drug deal, two other inmates decided to retaliate against him. North and the other inmates got into a fight.[5]

When the fight started, defendant Renteria deliberately walked over very slowly in order to avoid breaking up the fight. Once Renteria got to the fight he said, "get it while you can," and then called for assistance. Renteria later stated that he would not "help a thief," which North alleges demonstrates that Renteria knew about the attack ahead of time.[6]

North, a pretrial detainee, was attacked by a convicted inmate with a known propensity for violence, including stabbing another inmate in prison. Defendants Kohen, Laurer, Henzel, Kutz, and CoreCivic did not take any steps to separate or protect North from violent, convicted inmates. These defendants also failed to take steps to rid NSDC of weapons, which were used to attack North.[7]

---

[3] These facts are merely a summary of the plaintiff's allegations and are not findings of fact.
[4] ECF No. 1-1 at 4.
[5] *Id.* at 5.
[6] *Id.* at 6.
[7] *Id.* at 7.

Before Renteria started working at NSDC, he worked at Idaho Correctional Center, where he had a history of allowing fights.[8] The other defendants knew that Renteria had a history of allowing inmates to assault each other.

**B.     Plaintiff's causes of action**

Based on these allegations, North sues Brian Kohen, Laurer, Henzel, Sweinie, Renteria, Kutz, and CoreCivic, and alleges Fifth and Fourteenth Amendment due-process claims, as well as state-law claims.[9] He seeks declaratory and monetary relief.[10]

## Discussion

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[11] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[12] In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted."[13]

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her individual capacity for damages for

---

[8] *Id.* at 8.
[9] *Id.* at 9–13.
[10] *Id.* at 13–14.
[11] *See* 28 U.S.C. § 1915A(a).
[12] *See* 28 U.S.C. § 1915A(b)(1), (2).
[13] 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

violating the plaintiff's constitutional rights.[14] "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."[15] To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor.[16]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[17] In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[18] A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[19] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[20] "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21] The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient.[22]

---

[14] *Bivens*, 403 U.S. at 389.
[15] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).
[16] *See id.*
[17] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).
[18] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[20] *Id.*
[21] *Id.*
[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[23] all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[24] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[25]

**B.     Analysis of claims**

   **1.     North does not state a cognizable <u>Bivens</u> Claim**

North attempts to invoke jurisdiction under 42 U.S.C. § 1983, which allows for lawsuits against individuals acting under color of state law.[26] North's lawsuit cannot proceed under 42 U.S.C. § 1983 because there are no state actors here. North was being held at a private prison under a contract with the United States Marshals Service. Thus, to the extent that North has any colorable constitutional claims, they must proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials

---

[23] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[24] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[25] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[26] ECF No. 1-1 at 4; *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (noting that 42 U.S.C. § 1983 "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia.").

alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts."[27]

But the remedies that *Bivens* provides, and the circumstances under which such claims may be brought, are narrow. And the Supreme Court has held that *Bivens* does not authorize an action for alleged constitutional deprivations against a private corporation operating a facility under contract with the Federal Bureau of Prisons.[28] So North may not bring a *Bivens* claim against CoreCivic. The Supreme Court has also held that an inmate cannot bring a *Bivens* action against an employee of a private entity for damages for alleged Eighth Amendment violations; instead, his remedy is to bring a tort claim under state law[29]:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.[30]

Although North is raising claims under the Due Process Clause as a pretrial detainee, rather than the Eighth Amendment as a convicted inmate, his claims are based on allegations that the defendants either deliberately or negligently allowed other inmates to attack him. Claims like these (such as negligence, assault, or battery) fall within the scope of traditional state tort law. Because all of North's constitutional claims are not cognizable under *Bivens*, I dismiss his federal claims.

---

[27] *Butz v. Economou*, 438 U.S. 478, 486 (1978).
[28] *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63 (2001).
[29] *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).
[30] *Id.*

### 2. The court does not have diversity jurisdiction.

Defendant CoreCivic argues that the court has diversity jurisdiction under 28 U.S.C. § 1332(a) because it is a Maryland corporation with its principal business in Tennessee, North is a citizen of Nevada, and the amount in controversy exceeds $75,000.[31] CoreCivic also notes that it is the only defendant who has been properly served.[32] A district court has original jurisdiction based on diversity when there is complete diversity between the parties and the amount in controversy is greater than $75,000.[33]

In the complaint, the plaintiff alleges that North and Defendants Kohen, Laurer, Henzel, Sweinie, Renteria, and Kutz, reside in Nevada,[34] so there is not complete diversity between the parties. CoreCivic alleges that it is the only properly served defendant, but the Ninth Circuit has "specifically rejected the contention that . . . service is the key factor in determining diversity."[35] "A nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant."[36] This action is nonseparable and plaintiff alleges that the individual defendants are Nevada residents and that they were responsible for the attack against him. It is clear that these defendants were joined in good faith, thus their presence destroys complete diversity regardless of status of service. Because there is not complete

---

[31] ECF No. 1 at 2.

[32] *Id.* at 1 n.1.

[33] 28 U.S.C. § 1332(a).

[34] ECF No. 1-1 at 5.

[35] *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969).

[36] *Clarence E. Morris, Inc.,* 412 F.2d at 1176.

diversity between the parties, the court does not have diversity jurisdiction over North's state law claims under 28 U.S.C. § 1332(a).

### 3. The court declines to exercise supplemental jurisdiction over the state-law claims.

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[37] But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."[38] Because I have dismissed all of North's federal claims, leaving only state-law claims, and because this court lacks diversity jurisdiction, I decline to exercise supplemental jurisdiction on North's state-law claims and *sua sponte* remand this case back to the Fifth Judicial District Court of the State of Nevada.

**Pending Motions**

North has filed several motions including a motion to remand, a motion for discovery, a motion for an extension of time to effectuate service, and a motion to withdraw his motion for remand.[39] In light of my determination that I do not have jurisdiction over the remaining claims in this case, I deny these motions as moot.

---

[37] 28 U.S.C. § 1367(a).
[38] 28 U.S.C. § 1367(c)(3).
[39] ECF Nos. 4, 5, 6, 11.

**Conclusion**

IT IS THEREFORE ORDERED that North's Fifth and Fourteenth Amendment due-process claims, which I construe as *Bivens* claims, are **DISMISSED**, and I DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION over the remaining state-law claims.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **REMAND this action back to the Fifth Judicial District Court, Nye County, Case Number cv21-0416, Department 2**, and CLOSE THIS CASE.

IT IS FURTHER ORDERED that all pending **motions [ECF Nos. 4, 5, 6, 11] are DENIED** as moot.

Dated: March 14, 2022

_____
U.S. District Judge Jennifer A. Dorsey